WEAVER, J.
(dissenting). I join Justice CAVANAGH’s dissenting opinion, but write separately to highlight that my separate concurrence in Sington v Chrysler Corp, 467 Mich 144, 172; 648 NW2d 624 (2002), did not concur in, and differed from, the view of the majority of four (Chief Justice TAYLOR and Justices CORRIGAN, YOUNG, and MArkman) that under the workers’ compensation act, MCL 418.301(4), and under Sington, the claimant always has the burden of proof.
In this case, writing for the majority of four, Justice MARKMAN states that, under Sington, the claimant failed to sustain his burden of proving that his work-related injury effected a reduction of his maximum wage-earning capacity in work suitable to his qualifications and training.
I disagree with the majority of four. Rather, I agree with the Court of Appeals decision below that once a claimant has established his or her disability by a preponderance of the evidence, the burden of going forward with the evidence shifts as the parties present their proofs. Thus, the burden of proving a disability remains with the claimant, but the burden of proof shifts back and forth as each party brings forth further evidence.
Further, I concur with Justice CAVANAGH’s conclusion that the majority of four reads a new requirement into the act: namely, that under the majority’s view, a claimant must provide a “transferable-skills analysis” to show a limitation of wage-earning capacity as proof of a disability under MCL 418.301(4). For the reasons stated in Justice CAVANAGH’s dissent, I do not think that either the statute or Sington can be correctly interpreted in that manner.